IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MICHAEL HOLLINS**                                                        **PLAINTIFF**

**VS.**                                            **CAUSE NO. 3:16-CV-023-MPM-JMV**

**CITY OF SENATOBIA, CHIEF STEVE HOLTZ, IN HIS
OFFICIAL CAPACITY, OFFICER JOHN GRACE, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY, OFFICER RODNEY
BROWN, IN HIS INDIVIDUAL AND OFFICIAL
CAPACITY, OFFICER JAMES MCDONALD, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY, AND
LIEUTENANT "JOE" BARROW, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY**                                **DEFENDANTS**

## DEFENDANTS' REPLY IN SUPPORT OF THEIR RENEWED MOTION TO STAY PROCEEDINGS

**DEFENDANTS** City of Senatobia, Chief Steve Holtz, in his Individual and Official Capacity, Officer John Grace, in his Individual and Official Capacity, Officer Rodney Brown, in his Individual and Official Capacity, Officer James McDonald, in his Individual and Official Capacity, and Lieutenant "Joe" Barrow, in his Individual and Official Capacity (referred to herein as "Municipal Defendants") move to stay all proceedings in this case until related criminal proceedings are resolved:

1. Plaintiff argues that special circumstances do not exist for a stay of this action pending disposition of pending criminal charges which were delayed at his instance. Yet, Defendants separate abstention motion is pending before the District Judge @ Docket Entries 36-37. Importantly, we cannot even reach qualified immunity until the jurisdictional priority afforded the state court forum has been completed.[1]

---

[1] See *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir.2012) ("One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive.").

2. **CASE HISTORY:** This action was originally filed in the Circuit Court of Tate County, Mississippi in cause number CV2015-163-GC. In Defendants' Pre-Answer Motion they asked for a stay of proceedings to seek immunity under the Mississippi Tort Claims Act and under the Independent Intermediary Doctrine and Doctrine of Qualified Immunity.

3. The state court case was dismissed without prejudice by agreement on February 17, 2016.

4. Plaintiff Michael Hollins filed the federal complaint against Municipal Defendants alleging state and federal law claims on January 29, 2016 **[Doc. 1]**.

5. The suit arises from a disturbance call that was called in from the local Huddle House in Senatobia, MS that Plaintiff was involved in on March 8, 2015. There are currently misdemeanor charges pending in the Municipal Court of Senatobia, MS due to this incident against the Plaintiff.

6. The purported basis for Plaintiff's claims against Municipal Defendants relate to his arrest on March 8, 2015 in connection with affidavits of arrest sworn against him for retaliation against a public servant or witness, disorderly conduct, possession of a controlled substance and resisting arrest. Plaintiff has sued Municipal Defendants for various alleged constitutional violations relating to his arrest on the pending criminal charges. **[Doc. 27]**.

7. Due to delays due to Plaintiff not showing up for court for his scheduled court dates or his attorney asking for a continuance, the criminal case has yet to proceed to trial. At present, Plaintiff's criminal charges have not been resolved, but were previously scheduled before the Municipal Court of Senatobia, Mississippi on August 18, 2016. However, Plaintiff failed to show that date. Thereafter, new criminal counsel was obtained by the Plaintiff. Disposition of the charges were further delayed at the instance of Plaintiff who sought a continuance from a September 8, 2016. The court date is now set for October 20, 2016. Given the unresolved nature of the criminal charges,

Municipal Defendants request a stay of all proceedings.

8. The United States Supreme Court has explained that it is "in accord with common practice [for trial courts] to stay [a] civil action until the criminal case or the likelihood of a criminal case [ha]s ended."[2] The central reason a stay is warranted is *Heck v. Humphrey*, 512 U.S. 477 (1994), which holds that a plaintiff may not undermine the validity of a criminal conviction through a civil suit under 42 U.S.C. § 1983.

9. If Plaintiff is ultimately convicted on the criminal charges, *Heck* will mandate dismissal of some or all of Plaintiff's civil claims against Municipal Defendants. *See Wallace*, 549 U.S. at 393-94 ("If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal[.]"). As such, Plaintiff's civil case is premature and should be stayed.

10. District courts within the Fifth Circuit routinely stay civil rights actions until related criminal charges are resolved.[3] This Court should likewise do the same.[4]

11. At present, this Court has deadlines set pursuant to its Amended Case Management Order **[Doc. 21]**. Moreover, if the case were to proceed with discovery at this juncture, Plaintiff likely would invoke a Fifth Amendment privilege against self-incrimination when questioned about the facts underlying the criminal charges against him—thereby frustrating the discovery process.

---

[2] *Wallace v. Kato*, 549 U.S. 384, 393 (2007).

[3] *See Pellerin v. Neustrom*, 2011 WL 6749019 (W.D. La. 2011); *Quinn v. Guerrero*, 2010 WL 412901 (E.D. Tex. 2010); *Holt v. Jefferson Parish Sheriff's Office*, 2007 WL 4114357 (E.D. La. 2007); *Profit v. Ouachita Parish*, 2010 WL 1643800 (W.D. La. 2010); *Brown v. Hill*, 2010 WL 1734721 (W.D. La. 2010).

[4] *Brazos Valley Coal. for Life, Inc. v. City of Bryan, Tex.*, 421 F.3d 314, 327 (5th Cir.2005) (noting that the Court reviews a decision to stay discovery pending a dispositive motion for abuse of discretion).

12. Given the nature of this Motion, Municipal Defendants request that any requirement of a separate memorandum in support be waived.

13. Pursuant to Federal Rules of Civil Procedure 16(b)(4) a scheduling order "may be modified only for good cause and with the judge's consent." Clearly, there is good cause in this matter.

14. An ultimate finding of criminal activity on the part of this Plaintiff will entitle Defendants to immunity under the Mississippi Tort Claims Act, *Miss. Code Ann. Sec.* 11-46-9(1)(c and d).

**WHEREFORE, PREMISES CONSIDERED,** Municipal Defendants request that all proceedings in this case be stayed until Plaintiff's criminal charges are fully and finally resolved.

**RESPECTFULLY SUBMITTED** this the 5th day of October, 2016.

/s/Mary McKay Lasker
Mary McKay Lasker, MS Bar No. 100785
Daniel J. Griffith, MS Bar No. 8366
Attorneys for Defendants

Of Counsel:

**JACKS | GRIFFITH | LUCIANO, P.A.**
P. O. Box 1209
150 North Sharpe Avenue
Cleveland, MS 38732
Telephone: 662-843-6171
Facsimile: 662-843-6176
Email: dgriffith@jlpalaw.com
mlasker@jlpalaw.com

**David M. Slocum, Jr.**
**SLOCUM LAW FIRM, PLLC**
329 W. Tate Street
Post Office Box 249
Senatobia, MS 38668-2636
Phone: (662) 301-0035
Fax: (662) 301-0036
Email: dslocum@slocumlawfirm.com

-5-

## CERTIFICATE OF SERVICE

I, the undersigned of Jacks, Griffith, Luciano, P.A. hereby certify that on this day, I electronically filed the foregoing with the Clerk of the Court using the ECF system which gave notification of such filing to the following counsel of record:

Carlos E. Moore
Moore Law Group, P.C.
306 Branscome Road
P.O. Box 1487
Grenada, MS 38902-1487

This the 5th day of October, 2016.

/s/Mary McKay Lasker
OF COUNSEL