**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**MICHAEL HOLLINS**                                                      **PLAINTIFF**

**V.**                                    **CAUSE NO. 3:16-cv-023-MPM-JMV**

**CITY OF SENATOBIA, CHIEF STEVE HOLTZ, IN HIS
OFFICIAL CAPACITY, OFFICER JOHN GRACE, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY, OFFICER RODNEY
BROWN, IN HIS INDIVIUDAL AND OFFICIAL
CAPACITY, OFFICER JAMES MCDONALD, IN HIS
INDIVIDUAL AND OFFICIAL CAPACITY, AND
LIEUTENANT "JOE" BARROW, IN HIS INDIVIDUAL
AND OFFICIAL CAPACITY**                          **DEFENDANTS**

**PLAINTIFF'S RESPONSE AND MEMORANDUM OF LAWS IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

COMES NOW Plaintiff Michael Hollins (hereinafter Plaintiff), by and through his attorney of record, and files this, his PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, and would show unto the Court, the following:

1. This matter arises out of an incident that occurred on or about March 7, 2015, wherein Plaintiff suffered physical injuries as a result of Defendants negligently attacking and injuring Plaintiff.

2. On or about September 29, 2016, Defendants filed a Renewed Motion to Stay Proceedings, alleging judicial economy was at stake.

3. Plaintiff responded in opposition, stating that the instant matter encompassed issues not present in the parallel state matter; however, Defendants' motion was granted.

4. Defendant has now filed a Motion to Dismiss, alleging the Court is required to dismiss the instant matter pursuant to *Younger* Abstention.

5. In deciding a 12(b)(6) motion, the court must determine whether a plaintiff's complaint sets forth sufficient allegations to establish a claim for relief. The court must accept all allegations in the complaint at "face value" and construe them in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)

6. Defendants have failed to demonstrate how *Younger v. Harris* controls, this Honorable Court has not been asked to enjoin or grant an injunction in the state matter.

7. Defendants are erroneous in their allegation and are attempting to delay any findings of negligence on their behalf towards Plaintiff.

8. Based on the foregoing, Defendants' Motion to Dismiss must be denied.

## MEMORANDUM

### INTRODUCTION AND STATEMENT OF FACTS

This matter arises out of an incident that occurred on or about March 7, 2015, wherein Plaintiff was an invitee at the local Huddle House Restaurant. While at the subject restaurant, Plaintiff was attacked and accosted by Defendants, who grabbed Plaintiff and threw him to the ground. As a result, Plaintiff hit his head on the ground. Based upon information and belief, Defendant was employed by Defendant City at the time of the subject incident. Defendants caused injuries to Plaintiff's head, face, back, and body as a whole. As a result of the Defendants' negligent actions, Plaintiff sustained injuries.

Defendants have now filed a Motion to Dismiss, alleging Plaintiff pending state matter will interfere with the instant matter.

Defendants' Motion must be denied, as Plaintiff has set forth sufficient allegations to establish a claim for relief in his complaint.

**LEGAL STANDARDS**

Technically, a Rule 12(b)(6) motion does not attack the merits of the case - it merely challenges the pleader's failure to state a claim properly. Williams v. Grundy County, 2006 U.S. Dist. LEXIS 48732 (E.D. Tenn., 2006) (citing 5 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, § 1364 at 340). In deciding a 12(b)(6) motion, the court must determine whether a plaintiff's complaint sets forth sufficient allegations to establish a claim for relief. The court must accept all allegations in the complaint at "face value" and construe them in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The complaint must, in essence, set forth enough information to outline the elements of a claim or to permit inferences to be drawn that these elements exist. Jenkins v. McKeithen, 395 U.S. 411 (1969). The court cannot dismiss plaintiff's complaint unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

A Fed. R. Civ. P. 12(b)(6) motion should be granted only when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Favors v. CitiMortgage, Inc., 2011 U.S. Dist. LEXIS 118574 (E.D. Tens., 2011). For purposes of this determination, the court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all factual allegations in the complaint. Id. The court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief. Id. In other words, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Id.

**ARGUMENT AND LEGAL ANALYSIS**

It is clear from the face of the complaint, when all facts alleged in the complaint are assumed to be true, that the complaint states a cause of action and a set of facts that, if proven, would entitle Plaintiffs to recover for their injuries. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Plaintiff, in the complaint, alleged facts sufficient to establish the harm caused to Plaintiff as a result of the actions of the City. The allegations, if proven, would be sufficient to entitle Plaintiff to recover against the City despite the City's arguments in its Motion to Dismiss. Under the liberal pleading requirements of the federal rules, all a plaintiff need do to set forth a cognizable § 1983 claim against a municipality, then, is allege that agents of the municipality, while acting under color of state law, violated the plaintiff's constitutional rights, and that a municipal policy or policy of inaction was the moving force behind the violation. No further factual specificity is required at the initial pleading stage. Alexander v. Beale St. Blues Co., 108 F. Supp. 2d 934, 949 (W.D. Tenn. 1999 (quoting Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 167-69 (1993)). Plaintiffs alleged such facts in the complaint and, as such, the complaint is sufficient to withstand a Motion to Dismiss.

1. *Younger v. Harris* **does not require abstention when a criminal proceeding is ongoing.**

Defendants allege that *Younger v. Harris*, 401 U.S 37, 27 L. Ed. 2d 669, 91 S.Ct. 746 (1961), requires abstention when a pending state criminal prosecution is ongoing. Also, that federal courts, with subject natter jurisdiction, may only intervene with a valid showing of extraordinary circumstances. *Id*., 401 U.S. 37, 45, 53-53. In *Younger*, the holding of the court was based on the proposition that federal courts are forbidden from staying or enjoining state court proceedings except under special circumstances. The Appellant in *Younger* was appealing a decision of a federal court that enjoined him from prosecuting the Appellee. Under these

circumstances, the Supreme Court held that a federal court may not enjoin pending state court proceedings.

Defendants are making an erroneous attempt to apply *Younger* to the present case. Here, there is no request to enjoin before this Court. Also, in Younger, the state's interest was in the Appellant being able to prosecute the Appellee on behalf of the state. This case does not provide a "state interest" to which protection is needed, as Defendant City of Senatobia is only a municipality. If this motion is granted, the prejudice to Plaintiff would irreparable as he would not be afforded constitutional protection via his right to take legal action.

For the foregoing reason, Defendants' motion must be denied as the instant matter encompasses issues not present in the parallel state matter.

## CONCLUSION

This is a case where merit is dependent upon the facts, not one where merit can be determined as a matter of law at the pleading stage. See Kirwan v. Lincolnshire-Riverwoods Fire Prot. Dist., 811 N.E.2d 1259, 1264 (Ill. App. Ct. 2004). Taking the facts alleged in the complaint as true, it cannot be said that it clearly appears Plaintiffs would not be entitled to relief under any set of facts. See Smith v. City of Salem, 378 F.3d 566, 576 (6th Cir. 2004). The allegations of the complaint, if proven, would be sufficient to show that the City was by and through those acting in their official capacity and its own policies deprived Plaintiff of his rights, privileges, and immunities. Therefore, Plaintiff respectfully requests that Defendants' Motion to Dismiss be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this Honorable Court will deny Defendant's Motion to Dismiss, based upon the reasons, logic, and legal authority set

forth herein.  Plaintiff also prays for all other general relief this Honorable Court deems to be fair and just.

  Respectfully submitted, this the 14th day of October, 2016.

                Michael Hollins., Plaintiff

                s/ Carlos E. Moore

            By:_____
             Carlos E. Moore, MSB # 100685

OF COUNSEL:
**MOORE LAW GROUP, P.C.**
306 Branscome Drive
Post Office Box 1487
Grenada, Mississippi  38902-1487
662-227-9940
662-227-9941 – fax
Carlos@CarlosMooreLaw.com

## CERTIFICATE OF SERVICE

  I, the undersigned, do hereby certify that I had this day via ECF served the foregoing to the following counsel of record:

  Mary McKay Lasker, Esq.
  Danny Griffith, Esq.
  JACKS GRIFFITH LUCIANO, P.A.
  150 North Sharpe Avenue
  P. O. Box 1209
  Cleveland, MS 38732

  David M. Slocum, Jr., Esq.
  SLOCUM LAW FIRM, PLLC
  329 W. Tate Street
  P. O. Box 249
  Senatobia, MS 38668-2636

  SO CERTIFIED  this the 14th day of October, 2016.

s/ Carlos E. Moore

_____
CARLOS E. MOORE, ESQ.

.